UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| TORY R.,[1] | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 1:21-cv-02451-TWP-MG |
| | ) |
| KILOLO KIJAKAZI Acting Social Security Commissioner, | ) |
| | ) |
| Defendant. | ) |

## ORDER ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff Tory T. appealed the Administrative Law Judge's decision denying his application for Social Security Disability Benefits under Title II of the Social Security Act. Pursuant to 28 U.S.C. § 636, the Court referred the matter to the Magistrate Judge (Filing No. 13), who submitted his Report and Recommendation on August 8, 2022, recommending that the decision of the Commissioner be reversed and remanded for further consideration (Filing No. 15). The Commissioner timely filed an Objection to the Magistrate Judge's Report and Recommendation (Filing No. 17). For the reasons explained below, the Court **OVERRULES** the Commissioner's Objection, **ADOPTS** the Report and Recommendation, and **REVERSES AND REMANDS** the decision of the Commissioner for further consideration.

### I.   BACKGROUND

There is no need to provide an extensive elaboration of the procedural and factual background of this matter, as the parties and the Magistrate Judge have sufficiently detailed the

---

[1] To protect the privacy interests of claimants for Social Security benefits, consistent with the recommendation of the Court Administration and Case Management Committee of the Administrative Office of the United States Courts, the Southern District of Indiana has opted to use only the first name and last initial of non-governmental parties in its Social Security judicial review opinions.

background of this matter in the briefs and the Report and Recommendation. The Court mentions only the facts relevant to this Order.

On September 9, 2019, Tory T. protectively filed a Title II application for a period of disability and disability insurance benefits, alleging disability beginning October 16, 2018, but later amended to begin December 31, 2018. (Filing No. 7-2 at 21.) He was 44 years old on October 16, 2018—the date of his alleged onset of disability— and has a limited education. (Filing No. 7-2 at 22.) He previously worked on an automotive assembly line, as a warehouse picker for a beer distribution company, and as a maintenance worker. (*See* Filing No. 7-2 at 44-46.) Tory T.'s original application alleges that he can no longer work because he suffers from arthritis, bulging/herniated discs in his lower back, bilateral hip pain, diabetes, and depression. (Filing No. 7-6 at 6.) The claim was initially denied on January 8, 2020 and reconsidered on June 17, 2020. *Id.* Tory T. filed a written request for hearing on July 15, 2020. *Id.*

On March 17, 2021, a telephonic hearing was held before an Administrative Law Judge ("ALJ"). The ALJ issued her decision on April 15, 2021, concluding that Tory T. was not disabled under sections 216(i) and 223(d) of the Social Security Act. *Id.* at 29. On July 21, 2021, the Appeals Council denied Tory T.'s request to review the ALJ's decision, making the ALJ's decision the final decision of the Commissioner for purposes of judicial review. *Id.* at 2-6.

Tory T. timely filed a Complaint on September 17, 2021, seeking judicial review of the Commissioner's decision. (Filing No. 1.) On April 12, 2022, this Court issued an Order referring the matter to the Magistrate Judge for a Report and Recommendation. (Filing No. 13.) The Magistrate Judge filed his Report and Recommendation on August 8, 2022, recommending reversal and remand of the case for further consideration. (Filing No. 15.) Thereafter, on August 17, 2022, the Commissioner filed her Objection to the Report and Recommendation, asserting

substantial evidence supported the ALJ's decision and the decision was sufficiently explained. (Filing No. 17.)

## II. LEGAL STANDARD

When the Court reviews the Commissioner's decision, the ALJ's findings of fact are conclusive and must be upheld by this Court "so long as substantial evidence supports them and no error of law occurred." *Dixon v. Massanari*, 270 F.3d 1171, 1176 (7th Cir. 2001). "Substantial evidence means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* The Court may not reweigh the evidence or substitute its judgment for that of the ALJ. *Overman v. Astrue*, 546 F.3d 456, 462 (7th Cir. 2008). The ALJ "need not evaluate in writing every piece of testimony and evidence submitted." *Carlson v. Shalala*, 999 F.2d 180, 181 (7th Cir. 1993). However, the "ALJ's decision must be based upon consideration of all the relevant evidence." *Herron v. Shalala*, 19 F.3d 329, 333 (7th Cir. 1994). To be affirmed, the ALJ must articulate her analysis of the evidence in her decision, and while she "is not required to address every piece of evidence or testimony," she must "provide some glimpse into her reasoning . . . [and] build an accurate and logical bridge from the evidence to her conclusion." *Dixon*, 270 F.3d at 1176. The court "must be able to trace the ALJ's path of reasoning" from the evidence to her conclusion. *Clifford v. Apfel*, 227 F.3d 863, 874 (7th Cir. 2000).

When a party raises specific objections to elements of a magistrate judge's report and recommendation, the district court reviews those elements *de novo*, determining for itself whether the Commissioner's decision as to those issues is supported by substantial evidence or was the result of an error of law. *See* Fed. R. Civ. Pro. 72(b). The district court "makes the ultimate decision to adopt, reject, or modify the report and recommendation, and it need not accept any portion as binding; the court may, however, defer to those conclusions . . . to which timely

objections have not been raised by a party." *Sweet v. Colvin*, No. 1:12-cv-439, 2013 WL 5487358, at *1 (S.D. Ind. Sept. 30, 2013) (citing *Schur v. L.A. Weight Loss Ctrs., Inc.*, 577 F.3d 752, 759-61 (7th Cir. 2009)).

### III.    DISCUSSION

In his appeal of the ALJ's decision, Tory T. put forth a single argument: the ALJ's evaluation of his subjective symptoms was erroneous and violated Social Security Ruling ("SSR") 16-3p, which resulted in substantial error. (Filing No. 9 at 4.)  Specifically, Tory T. argued that the ALJ erred by failing to include required findings about his subjective symptoms in the final decision, as well as failing to consider all of the factors identified in SSR 16-3p. *Id.* at 16, 19. Tory T. also contends that the ALJ mischaracterized his treatments as "conservative" when that treatment included several spinal injections. *Id.* at 17.

In evaluating this argument, the Magistrate Judge explained what is required by the ALJ:

> ALJs use a two-step process to evaluate an individual's subjective symptoms. First, an ALJ must "determine" whether a claimant has "an underlying medically determinable physical or mental impairment that could reasonably be expected to produce an individual's symptoms." *Id.* at 3. The regulations are clear that ALJs are expected to make a specific "finding" on this issue. *See also* 20 C.F.R. §404.1529(b) ("The ***finding*** that your impairment(s) could reasonably be expected to produce your pain or other symptoms . . . .") (emphasis added).

(Filing No. 15 at 7.)  The Magistrate Judge also noted, "the ALJ must explain the subjective symptom analysis 'in such a way that allows [a court] to determine whether [the ALJ] reached her decision in a rational manner, logically based on her specific findings and the evidence in the record.'" *Id.* at 8 (quoting *Murphy v. Colvin*, 759 F.3d 811, 816 (7th Cir. 2014)).

In reaching his conclusion, the Magistrate Judge explained that while the ALJ did acknowledge the requirement to evaluate Tory T.'s subjective symptoms by referencing SSR 16-3p and 20 C.F.R. § 404.1529, "the ALJ did not circle back and make the required findings. Instead,

4

. . . the ALJ summarized the record evidence for purposes of explaining the RFC and did not return to make findings under SSR 16-3p about Tory T.'s stated symptoms." *Id.* at 8-9. The Magistrate Judge observed that the ALJ did not state whether Tory T.'s medical impairments could "reasonably be expected to produce [his] pain or other symptoms," leaving the Court to guess as to what the ALJ concluded." *Id.* at 9. In reaching his conclusion that remand for further consideration is appropriate, the Magistrate Judge explained,

> But, at no point does the ALJ state whether Tory T.'s severe impairments (degenerative disc disease and right hip bursitis) or non-severe impairments (diabetes, diabetic neuropathy, and tobacco use) could reasonably be expected to produce his stated symptoms, and thus the Court is unable to trace the ALJ's reasoning, and this omission is error.

*Id.* at 9-10.

The Magistrate Judge also contends that even without the above error, the ALJ erred because the reasons suggested for discounting some of Tory T's stated symptoms was insufficient. *Id.* at 10. The ALJ suggested two reasons for discounting Tory T.'s symptoms: (1) the lack of supporting medical evidence and (2) Tory T.'s "conservative" treatment of his symptoms. *Id.* The Magistrate Judge explained that it is well-settled that an ALJ cannot discount a claimant's symptoms of pain based on medical evidence alone. *Id.* (citing *Vanprooyen v. Berryhill*, 864 F.3d 567, 572 (7th Cir. 2017)). While the ALJ references Tory T's treatment as "conservative," the Magistrate Judge asserts that the ALJ does not address or explain why Tory T.'s numerous injections are conservative and serve to undermine Tory T.'s testimony, resulting in error. *Id.* at 10-11. As the Magistrate Judge concludes, "The Court passes no judgment on the nature of these treatments and instead only finds that the ALJ had an obligation to discuss them, or at least acknowledge them, in reaching her conclusion that Tory T. received conservative treatment. *Id.* at 11.

In her Objection to the Report and Recommendation, the Commissioner argues that the ALJ complied with the applicable legal authority and relied on substantial evidence in evaluating Tory T.'s subjective symptoms. (Filing No. 17 at 1.) First, the Commissioner argues that the ALJ's consideration of Tory T.'s treatment history was supported by her discussion of his various treatments, a physician's description of his treatment as conservative, and Seventh Circuit precedent. *Id.* at 3. Second, the Commissioner contends that the ALJ did not err in failing to articulate her findings as to Tory T.'s subjective symptoms. *Id.* at 4-5. Specifically, the Commissioner argues that the ALJ was only required to properly identify the claimant's medically determinable impairments in step one. *Id.* at 5.

A review of the ALJ's decision and the Magistrate Judge's Report and Recommendation reveals that the Magistrate Judge correctly assessed the ALJ's decision and accurately noted the ALJ's failure to include required findings for reaching her decision. This alone warrants remand for further consideration by the ALJ. Second, the Commissioner misconstrues the Magistrate Judge's comments regarding the ALJ's description of Tory T.'s treatment as "conservative." The Commissioner argues that substantial evidence and case law support this description; however, the Magistrate Judge was not disagreeing with the characterization, but rather pointing out the ALJ's obligation to explain her reasoning in reaching this conclusion. The Court agrees. This case should be remanded for further consideration.

## IV.   CONCLUSION

The Court finds no error of law or fact in the Report and Recommendation and therefore **OVERRULES** the Commissioner's Objection (Filing No. 17). For the reasons set forth above, the Court hereby **ADOPTS** the Magistrate Judge's Report and Recommendation (Filing No. 15).

The final decision of the Commissioner is **REVERSED AND REMANDED** for further proceedings.

    **SO ORDERED**.

Date: 9/27/2022

Hon. Tanya Walton Pratt, Chief Judge
United States District Court
Southern District of Indiana

DISTRIBUTION:

Kirsten Elaine Wold
HANKEY LAW OFFICE
kwold@hankeylaw.com

Eric Harris Schepard
OFFICE OF THE REGIONAL CHIEF COUNSEL REGION V
eric.schepard@ssa.gov

Jane Kuczek
SOCIAL SECURITY ADMINISTRATION
jane.kuczek@ssa.gov

Julian Clifford Wierenga
UNITED STATES ATTORNEY'S OFFICE (Indianapolis)
julian.wierenga@usdoj.gov